## APPEAL OF AARON FURNITURE CO.

Docket No. 3798.   Submitted August 1, 1925.   Decided September 8, 1925.

Determination of the Commissioner approved in the absence of any evidence showing error.

*Katherine I. Aaron* and *M. Aaron*, for the taxpayer.
*Robert A. Littleton, Esq.*, for the Commissioner.

### Before MARQUETTE and MORRIS.

This appeal is from a determination by the Commissioner of a deficiency in income and profits taxes for the year 1919, amounting to $11,494.77.

The taxpayer seeks special assessment under sections 327 and 328 of the Revenue Act of 1918.

#### FINDINGS OF FACT.

The taxpayer is a Pennsylvania corporation, located in Greensburg, where it operated a retail furniture store. Substantially all of its sales, during 1919, were made on the installment sale basis, whereby a portion of the purchase price was paid at the time of sale and the balance became payable over a period of years.

The accounts of the taxpayer were kept on an accrual basis. Its original return for 1919 was filed on March 15, 1920, and reported the taxpayer's net income as $15,107.85, and the invested capital, $66,019.56. The total tax payable, as disclosed by that return, amounted to $2,882.23 and that sum was paid by the taxpayer.

About March 4, 1924, the taxpayer filed with the Commissioner an amended return which purported to be made upon the so-called installment plan basis. That return disclosed a net income for the year 1919 of $25,192.88, invested capital of $84,763.42, and a tax liability of $6,569.86 as the total due for the year 1919.

The Commissioner declined to accept that return or to compute the taxpayer's tax liability on the installment plan basis.

The original return showed gross sales of $143,564.49; and amended return upon the installment basis showed gross sales of $171,441.58. The deductions shown in the original return totaled $48,715.44; those in the amended return $44,969.82. Bad debts were deducted in the first return as $3,296.07 and in the second as $2,115.14.

In a letter to the taxpayer dated May 7, 1924, the Commissioner notified the taxpayer that the amended return could not be accepted, and using the figures mentioned above, of $171,441.58 and $44,-969.82, shown in the installment basis amended return, determined the net income of the taxpayer to be $44,022.02, the invested capital to be $101,713.19, and the total tax liability for 1919 to be $14,377. The sum of $2,882.23 having been previously assessed as shown by the original return, the Commissioner's action resulted in an additional tax of $11,494.77.

The taxpayer, on June 3, 1924, appealed to the Commissioner, and on June 30, 1924, the taxpayer was notified that a recomputation of the net income showed $43,385.64 (invested capital being as previously determined, $101,713.19) with resulting additional tax of $11,202.04. That letter of June 30, 1924, contained the following:

Reference is made to your appeal dated June 3, 1924, in which you request that your profits tax for the years 1918 and 1919 be computed under the provisions of sections 327–328 of the Revenue Act of 1918.

Before consideration can be given your application there must be a final determination of your net income. Therefore, it will be necessary for you to advise this office within twenty days from the date of this letter of your acquiescence in the following determination of your net income and statutory invested capital, or exceptions, if any, which you may take thereto.

Under date of July 7, 1924, the taxpayer informed the Commissioner "that the earnings of this company for the years 1918 and 1919 are correctly stated and the tax as computed therein is correct."

Under date of March 6, 1925, the taxpayer was notified by the Commissioner of a deficiency for 1918, in the amount of $11,494.77 and referred to the Bureau letter of May 7, 1924. The March 6,

1925, letter also denied the taxpayer special assessment under sections 327 and 328 of the Revenue Act of 1918.

The taxpayer's balance sheets on an accrual basis showed:

|  | Dec. 31, 1918 | Dec. 31, 1919 |  | Dec. 31, 1918 | Dec. 31, 1919 |
|---|---|---|---|---|---|
| **ASSETS** |  |  | **LIABILITIES** |  |  |
| Cash | $2,500.00 | $2,952.15 | Notes payable | $2,500.00 | None. |
| United States securities | 14,375.00 | 15,250.00 | Accounts payable | 18,537.33 | $11,957.15 |
| Inventory | 50,442.61 | 51,532.48 | Capital stock | 5,000.00 | 5,000.00 |
| Furniture and fixtures | 1,747.03 | 1,825.54 | Reserve for depreciation | 2,112.10 | 3,087.17 |
| Motor equipment | 1,699.45 | 3,001.45 | Surplus | 101,559.93 | 143,343.53 |
| Accounts receivable | 58,945.18 | 88,826.23 |  |  |  |
| Total | 129,709.27 | 163,387.85 | Total | 129,709.27 | 163,387.85 |

The Commissioner disallowed special assessment and determined a deficiency of $11,494.77. The taxpayer duly appealed.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

MARQUETTE: The taxpayer seeks special assessment under sections 327 and 328 of the 1918 Act. It is a requisite to the application of section 328 that there be evidence before us of "abnormal conditions affecting the capital or income of the corporation," so that, without benefit of the section, there would be "exceptional hardship evidenced by gross disproportions between the tax computed without benefit of this section and the tax computed by reference to the representative corporations specified in section 328." No evidence was submitted to us beyond that which we have fully set forth in our findings. The mere fact of a large tax is, by section 327, definitely stated as insufficient basis for the application of section 328.

Certain discrepancies appear in the tax returns filed by the taxpayer, but no evidence whatever was submitted to explain those discrepancies. We can not disapprove a determination by the Commissioner upon our mere speculation. Contentions of taxpayers must be supported by proof of error. Argument, unsupported by facts, can not sustain the burden of proof which is placed upon the taxpayer in coming before this Board.

ARUNDELL not participating.